IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY CLAASSEN, M.D., and KENNETH POLLOCK, her Spouse, | ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV328 |
| V. | ) ) | |
| GENERAL CASUALTY INSURANCE CO., an Insurance Company Licensed to Transact Business in Nebraska, | ) ) ) ) ) | FINDINGS AND RECOMMENDATION |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Strike & Motion for More Definite Statement (filing 7). For the reasons explained below, the undersigned will recommend that Defendant's motion be denied.

### BACKGROUND

In this action, Plaintiffs seek to recover damages arising from property loss caused by a fire.[1] Plaintiffs allege that the damaged property was covered by a policy of insurance issued by Defendant and that Defendant wrongfully denied coverage for the loss. The Complaint alleges two causes of action: breach of contract and equitable estoppel. (Filing 1.)

### DISCUSSION

**I.   Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides a mechanism for the court to "strike

---

[1] This case was originally filed in the District Court of Boyd County, Nebraska. Defendant removed the action to this Court on November 6, 2013. (Filing 1.)

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007). "However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings." *Super 8 Worldwide, Inc. v. Riro, Inc.,* No. 8:11CV319, 2011 WL 5827801, *2 (D. Neb. Nov. 18, 2011). "[E]ven matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.,* 777 F. Supp.2d 1160, 1168 (N.D. Iowa 2011) (internal quotation and citation omitted). Generally, "[t]o prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Super 8 Worldwide,* 2011 WL 5827801 at *2 (quotation and citation omitted).

Defendant seeks to strike several portions of the Complaint. First, Defendant maintains that the "Case Overview" section of the Complaint, in which Plaintiffs summarize their claims against Defendant, is redundant of more specific allegations found elsewhere in the Complaint. Next, Defendant contends that Plaintiffs' inclusion of the letter denying Plaintiffs' claim for insurance coverage in the Complaint is redundant and prejudicial. Finally, Defendant asserts that the Complaint improperly includes footnotes with citations of cases and statutes.

Defendant has not demonstrated that the challenged portions of the Complaint have no bearing on the subject matter of this litigation or are unduly prejudicial. The challenged passages provide context and background to the claims asserted in this suit. Given these circumstances, as well as courts' general disfavor of motions to strike, Defendant's motion will be denied.

### II. Motion for More Definite Statement

Defendant contends that certain allegations in the Complaint are vague and ambiguous because they do not includes dates on which alleged acts and omissions occurred. Defendant

argues that because Plaintiffs were purportedly policyholders for many years, Defendant is unable to ascertain the time period during which certain allegations pertain.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12. However, these motions are rarely granted "in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides." *Lemp v. Ocwen Loan Servicing, LLC*, No. 8:08CV35, 2008 WL 2276935, *2 (D. Neb. May 30, 2008) (citation omitted). Federal Rule of Civil Procedure 8 only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

The Court finds the allegations in the Complaint are sufficient to inform Defendant of the claims against it. The specific dates sought by Defendant will be available through discovery. *See Eastman v. County of Sheridan*, No. 7:07CV5004, 2007 WL 1814214, *4 (D. Neb. June 21, 2007) ("Where information sought by the party moving for a more definite statement is available or properly sought through discovery, the motion should be denied") (quotation omitted). Further specificity is not necessary at this time.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp that Defendant's Motion to Strike & Motion for More Definite Statement (filing 7) be denied.

The parties are notified that failing to timely object to this Findings and Recommendation as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED January 14, 2014.**

                                                     **BY THE COURT:**

                                                    **S/ F.A. Gossett**
                                                    **United States Magistrate Judge**