## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**SHIRLEY CLAASSEN, M.D., and**                    CASE NO.:  8:13-cv-00328
**KENNETH POLLOCK,**

              **Plaintiffs,**

**v.**                                                                      **STIPULATED**
                                                                               **PROTECTIVE ORDER**

**GENERAL CASUALTY COMPANY**
**OF WISCONSIN,**

              **Defendant.**

WHEREAS, the parties to this proceeding, Shirley Claassen, M.D. and Kenneth Pollock, Plaintiffs, and General Casualty Company of Wisconsin, Defendant, recognize that during the course of this proceeding issues may arise which may require disclosure of confidential information or information that is or should be protected from public dissemination. The parties wish to protect such confidential and protected information and documents by the terms of the following Stipulation and Protective Order;

WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the parties;

WHEREAS the parties have, through counsel, agreed to be bound by and stipulated to the entry of this Order to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents or things that are produced in this action;

**IT IS HEREBY ORDERED** that the terms and conditions of this Order shall govern the production and handling of the documents and other information produced by any party in this action:

1.      This Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court.  Without limiting the foregoing, this Order shall survive and remain in full force and effect after the termination of this litigation.

2.      This Order shall become effective upon the signature of a United States Magistrate Judge or United States District Judge of the United States District Court for the District of Nebraska.

3.      Nothing in this Order shall limit or preclude the parties from applying to the Court to modify the terms of this Order, or for such further or additional Protective Orders as the Court may deem appropriate.

4.      Portions of documents and materials produced or provided by any party and that are marked "CONFIDENTIAL," shall be considered confidential material.  The producing party shall designate clearly on any document or other material produced that its contents should be confidential, by labeling or identifying each document or other material as "CONFIDENTIAL," or by including the designation "CONFIDENTIAL" within the electronic file name of any electronically stored information (ESI) or any materials produced in electronic format. Any ESI or electronically produced materials designated "CONFIDENTIAL"  by the producing party and which are printed out for purposes of discovery, depositions, or hearings in this matter shall be appropriately marked as "CONFIDENTIAL" on the pages of the hard copies by the party intending to utilize such materials, if not already so marked by the producing party.

5.      Documents or ESI designated or marked as "CONFIDENTIAL" shall be revealed only to and used by:

A.      This Court and its staff;

B.      Parties and counsel for parties, along with the support staff of counsel.  As used herein, "counsel" shall mean those attorneys who are members or associates of the respective law firms employed by each party, and who are charged with the responsibility for and actively engaged in preparation of this matter, as well as any of counsel's respective secretaries, legal assistants, paralegals and other staff.

C.      Independent experts or consultants retained by counsel or parties, and deposition or trial witnesses who may examine "CONFIDENTIAL" materials in connection with discovery and the presentation of evidence in court proceedings in this matter, and who, before receiving such materials or information, have signed the attached **Acknowledgement to be Bound**.

6.      All "CONFIDENTIAL" material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with this action and shall not be disclosed by

the recipient to anyone other than those persons designated above, or in Court filings as provided below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

7.      If timely corrected, an inadvertent failure to designate qualified information or materials as "CONFIDENTIAL" does not, standing alone, waive any party's right to secure protection for such material. If information or material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions herein.

8.      Any party may bring before the Court the question of whether particular information designated as "CONFIDENTIAL" is in fact information that should be deemed confidential. However, the parties shall agree to attempt to resolve any such disputes prior to bringing them to the Court. Until the Court has ruled on any disputed designations of confidentiality, the Parties shall treat information and documents properly designated as "CONFIDENTIAL" by another party as  "CONFIDENTIAL."

9.      Should circumstances arise in which any party wishes to designate as "CONFIDENTIAL" any material or information that is contained in a deposition transcript, the party shall indicate orally at the time of the deposition that it intends to designate all or part of the testimony as confidential. Within twenty-one (21) days after receipt of the deposition transcript, the designating party shall advise the other parties of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of time.  Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality, the parties shall treat the designated portions of any deposition transcripts as "CONFIDENTIAL."

10.     Nothing in this Order is intended to limit or otherwise affect the scope of discovery or the use or admissibility of evidence at trial.  Materials subject to this Order may be filed with the Court, provided that any materials or ESI or any portion of materials or ESI that are designated as "CONFIDENTIAL" are filed as restricted documents pursuant to Nebraska Civil Rule 5.3(c) and prominently marked: "**Information Subject to Protective Order.**"  Parties shall file only that portion of a pleading, motion or brief that contains "CONFIDENTIAL" information with the Court.

11.     Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, all "CONFIDENTIAL" information and materials furnished or produced under the terms of this Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and material which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to counsel of the producing party, unless otherwise agreed in writing.  Counsel for parties may retain all materials in their files relating to this case, but in so doing must comply with the terms of this Order, meaning that all "CONFIDENTIAL" information and materials must be retained in confidence under the terms of this Order.

12.     The Protective Order applies to information contained in the briefs, memoranda, motions or pleadings, or any other documents prepared or filed in this litigation, which reveal confidential information contained in documents or materials that have been designated as "CONFIDENTIAL," unless this Court has ruled that such designation was improper.

13.     By complying with this Order, no party waives any right each would otherwise have to object to disclosing or producing records on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence or during pretrial discovery or during trial of confidential material covered by this Order.


**DATED July 17, 2014.**

                                        **BY THE COURT:**


                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Protective Order or have had it explained to me by Counsel for party and understand the Protective Order that was issued by the U.S. District Court for the District of Nebraska, on June __, 2014, in the case of *Shirley Claassen, M.D. and Kenneth Pollock v. General Casualty Company of Wisconsin,* Case No. 8:13-cv-00328. I agree to comply and be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the District of Nebraska, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Signature: _____

Address: _____

Dated: _____